Stanlee DULL, Plaintiff—Appellant,

v.

AMERICAN DIABETES ASSOCI-
ATION, a non-profit corpora-
tion, Defendant—Appellee.

No. 02–35287.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before: BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Stanlee Dull appeals the district court's judgment dismissing for lack of jurisdic-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion her complaint against her employer, the American Diabetes Association, alleging that she was sexually harassed and then retaliated against for complaining of the harassment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir.2001), and reverse and remand.

The district court correctly concluded that the jurisdictional allegations of the complaint are insufficient. The complaint does not allege the number of employees employed by the American Diabetes Association and thus does not include all of the factual allegations necessary to establish jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. However, it is not clear that the court lacks jurisdiction. Therefore, the district court erred by dismissing the complaint without providing Dull with an opportunity to amend. *See Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 651 n. 6 (9th Cir.1984); *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir.1980).

Dull shall bear her own costs on appeal.

**REVERSED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.